UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALON LEE PENIX,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>Defendant. | Case No. 1:26-cv-02793-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 1, 5)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS<br><br>ORDER TO ASSIGN A DISTRICT JUDGE |

Plaintiff Talon Lee Penix is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 4). He sues a John Doe correctional officer for failing to protect him from being assaulted by another inmate.

On April 16, 2026, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 5). The Court gave Plaintiff thirty days to file a first amended complaint or to notify the Court that he wanted to stand on his complaint. (*Id.* at 6-7). The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.* at 7).

The deadline to respond to the screening order has expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons

1

given below, the Court will recommend that Plaintiff's case be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may screen the complaint on these same bases under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.     SUMMARY OF PLAINTIFF'S COMPLAINT[1]

Plaintiff names John Doe—a correctional officer at California Correctional Institution

---

[1] For readability, minor alterations, like omitting capitalization, have been made to some of Plaintiff's quotations without indicating each change.

as the sole Defendant in this case. (ECF No. 1, p. 2). He alleges the following facts:

> On the date of 07/17/25, the Plaintiff was sexually assaulted by another incarcerated person. This attack was possible due to the actions and inaction of a California Department of Corrections and Rehabilitation officer who was working under the color of state law. The Defendant violated the Plaintiff's Eighth Amendment right when the Defendant chose to walk away from a control booth that governed a room filled with multiple incarcerated persons and open cell doors. The act within itself shows that the Defendant was acting with a negligent state of mind. Also, shall it be stated that the Defendant's inaction violates the duty of a CDCR official to protect those under the watch of a CDCR officer from foreseeable harm. The Defendant violated the Plaintiff's Eighth Amendment right when the Defendant was deliberately indifferent to the substantial risk that a person would be seriously harmed by another incarcerated person.

(*Id*. at 3).

Plaintiff asks for unspecified declaratory relief, $5 million in compensatory damages, and nominal damages of $20,000. (*Id.* at 6).

## III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.    Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also*

*Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

"The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B.      Failure to Protect

Plaintiff's complaint brings an Eighth Amendment claim based on Defendant John Doe's alleged failure to protect him from being assaulted by a fellow inmate.

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones . . . . " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation and quotation marks omitted). Among other things, the Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of . . . inmates." *Id.* (citation omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 834 (citation and quotation marks omitted). To establish a failure to protect claim, a prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Id.* at 837.

"'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer,* 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad*, 714 F.3d at 1160 (quoting *Farmer,* 511 U.S. at 847). "[I]n order to satisfy the objective prong, it is enough for the inmate to demonstrate that he was exposed to a substantial risk of some range of serious harms; the harm he actually suffered need not have been the most likely result among this range of outcomes." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1076 (9th Cir. 2013).

Plaintiff's complaint fails to state a claim under these legal standards. Although Plaintiff alleges that he was assaulted in prison, Plaintiff fails to allege facts showing that Defendant John Doe acted with deliberate indifference to his safety because he knew of an excessive risk to Plaintiff's safety and disregarded that risk by failing to take reasonable measures to abate it. Rather, the complaint alleges that Defendant John Doe "act[ed] with a negligent state of mind" by "walk[ing] away from a control booth that governed a room filled with multiple incarcerated persons and open cell doors." (ECF No. 1, p. 3). However, "deliberate indifference describes a state of mind more blameworthy than negligence," and thus a negligent state of mind cannot establish a constitutional violation. *Farmer*, 511 U.S. at 835.

Moreover, the fact that Defendant John Doe walked away from a control booth that apparently overlooked a room full of prisoners with open cell doors does not, by itself, show that Defendant John Doe was aware of facts from which the inference could be drawn that a substantial risk of serious risk of harm existed to Plaintiff and that Defendant John Doe also drew the inference. *See Atkerson v. Miranda*, No. 2:26-CV-00247 SCR P, 2026 WL 734483, at *3 (E.D. Cal. Mar. 16, 2026) (concluding that plaintiff failed to state a failure-to-protect claim against a "control booth operator," noting that "plaintiff provide[d] no facts regarding his role

or involvement that would allow the [Court] to infer that [the control booth operator] heard [another inmate's] threats or was otherwise deliberately indifferent to the risk of harm from opening the door [to the plaintiff's cell"]).

Plaintiff's complaint thus fails to state a claim that Defendant John Doe violated his constitutional rights by failing to protect him from the assault.

## IV.   FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER

The Court will likewise recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order. (ECF No. 5).

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Plaintiff has failed to respond to the Court's screening order. (ECF No. 5). This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade, and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. Given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Further, as noted above, Plaintiff has failed to state a claim or respond to the Court's screening order despite being given the relevant legal standards and the opportunity to file an amended complaint. Thus, the lack of any viable claim supports a dismissal with prejudice rather than a lesser sanction. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court recommends that dismissal with prejudice is appropriate.

**V.     ORDER, CONCLUSION, AND RECOMMENDATION**

Accordingly, IT IS ORDERED that the Clerk of Court is directed to assign a District Judge to this case.

Further, IT IS RECOMMENDED as follows:

1.     This action be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

2.     The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 2, 2026**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE